534

BEACON FEDERAL SAVINGS AND LOAN ASSOCIATION, Henry M. Blume, and Ernest F. Zaeske, and A. Lambert Slocombe, Plaintiffs,

v.

FEDERAL HOME LOAN BANK BOARD, Defendant.

No. 56–C–138.

United States District Court
E. D. Wisconsin.

Aug. 14, 1956.

Horace Russell, Bridewell & Russell, Chicago, Ill., Ray T. McCann and Richard McDermott, Milwaukee, Wis., for plaintiffs.

Alexander Cannon, Milwaukee, Wis., for intervening plaintiff, A. Lambert Slocombe.

Mose Silverman, Ray Dougherty, Washington, D. C., for defendant.

TEHAN, Chief Judge.

On the ground that this Court lacks jurisdiction of the subject matter, defendant, Federal Home Loan Bank Board, has moved to dismiss this action wherein the plaintiffs seek such declaratory and injunctive relief as would nullify defendant's order of March 20, 1956. This order being No. 9414, recites that in the opinion of the Federal Home Loan Bank Board, grounds exist for the appointment of a conservator for the plaintiff Beacon Federal Savings and Loan Association, which grounds are (1) violation of law

and regulations and (2) unsafe and unsound operations in the respects set forth therein. Order No. 9414 further states that the "Board has determined that an emergency exists requiring immediate action for the reason that assets of the association will continue to be wasted and its interest, the interest of its members and of the public jeopardized unless the action herein provided is immediately taken." Upon such findings, the Board appointed Thomas M. Flynn Supervisory Representative in Charge, to take charge of Beacon and its affairs pending further disposition.

Subsequently, on July 11, 1956, defendant Board adopted a formal resolution, being No. 9799, wherein it set forth the existence of particularized instances of violation of law and regulations and unsafe or unsound operations which are cause for the appointment of a conservator for the plaintiff Beacon. The resolution thereupon ordered that an administrative hearing be held at 10:00 o'clock A.M. on the 15th day of August, 1956, "on whether said grounds exist for the appointment of a conservator, at which hearing the Beacon Federal Savings and Loan Association may appear and show cause why such conservator should not be appointed." The record discloses that the plaintiffs received this notice of the administrative hearing on July 13, 1956, three days before the plaintiffs filed their complaint, wherein plaintiffs after asserting that the charges of the Board were false, that the directors were guilty of no wrongdoing, and that the Association was solvent, prayed for said declaratory and injunctive relief. On application of the plaintiffs, an order to show cause was issued returnable on August 6, 1956, as to why the declaratory and injunctive relief asked for in the complaint should not be granted.

On August 6, 1956, the Court heard oral arguments on both the order to show cause and upon the motion to dismiss for want of jurisdiction of the subject matter, and was provided with briefs thereat and thereafter by the parties hereto. At such hearing, the Court granted the motion of A. Lambert Slocombe to intervene as a party plaintiff, leaving for subsequent determination the question raised as to whether the intervenor and others similarly situated were proper parties to the action.

A decision as to which moving party is entitled to prevail herein involves a determination of the correctness of the position of the parties in respect to the powers of the Board to enforce compliance with law and regulations as set forth in Section 1464(d) (1) and (2), 12 U.S. C.A.

It appears without dispute that the Board has acted in this instance pursuant to Section 1464(d) (2). It charged in the March 20, 1956 order the existence of violation of law and regulation and of unsafe or unsound operation, alleged that thereby an emergency existed, appointed a Supervisory Representative in Charge and now by virtue of the aforesaid order of July 11, 1956, has ordered an administrative hearing to determine whether or not grounds exist warranting the appointment of a conservator of Beacon.

██ It is the position of defendant Federal Loan Bank Board, that this statute, Section 1464(d), gave it alternative courses for the effectuation of its policy, that the circumstances of this case warranted the use of the drastic provisions of Section 1464(d) (2), inasmuch as in its opinion an emergency situation existed requiring the immediate appointment, ex parte, of a Supervisory Representative in Charge, that such appointment, limited and terminable as it is by statute, is not reviewable in any proceeding, and that jurisdiction to review can be acquired by a Federal District Court only after the decision upon the hearing scheduled for August 15, 1956.

We have carefully studied the applicable statute and the authorities cited and have no difficulty in agreeing with the position of the defendant, Federal Home Loan Bank Board. It is true that Section 1464(d) (1) is a far less drastic method of enforcement than Subsection (d) (2) which was used by the defendant in this instance. The plaintiffs, in Para-

graph 7 of their complaint, have set forth portions of Subsection (d) (1) which fairly reflect the procedure to be followed and the rights and privileges of the parties. Said provisions appearing in plaintiffs' pleading are as follows: "It (the Board) shall by formal resolution state any alleged violation of law or regulation and give written notice to the association concerned of the facts alleged to be such violation * * *" and "Such association shall have thirty days within which to correct the alleged violation of law or regulation and to perform any legal duty." Said section further provides: "If the association concerned does not comply with the law or regulation within such period, then the Board shall give such association twenty days' written notice of the charges against it and of a time and place at which the Board will conduct a hearing as to such alleged violation of duty." It also provides: "Upon the giving of notice of alleged violation of law or regulation as herein provided, either the Board or the association affected may, within thirty days after the service of said notice, apply to the United States district court for the district where the association is located for a declaratory judgment and an injunction or other relief with respect to such controversy, and said court shall have jurisdiction to adjudicate the same as in other cases and to enforce its orders."

It is significant, we believe, that the plaintiffs in the pleadings or briefs, have pointed to no section of this statute requiring the use of Section 1464(d) (1) before employing the more drastic method of (d) (2), and that they overlooked completely the exception appearing in the italicized portions of the following sentence in (d) (1):

"It shall by formal resolution state any alleged violation of law or regulation and give written notice to the association concerned of the facts alleged to be such violation, *except that the appointment of a Supervisory Representative in Charge, a conservator or a receiver shall be exclusively as provided in paragraph (2) of this subsection.*" (Emphasis ours.)

A fair reading of the entire applicable statute requires a construction that the Board has the discretionary right to use the provisions of either Subsection (d) (1) or (d) (2) in a proper case. The plaintiffs herein contend that the use of the procedure under (d) (1) would give to the Association certain valuable rights including the opportunity to correct any violations of law or regulation and that the Board by failing to allow them that opportunity with its consequent rights was guilty of an abuse of discretion. We cannot so agree. We have no knowledge of the merits of the various charges of violations of law and regulation or of the charges of unsafe or unsound operations, since these matters were of necessity not before the Court. Whether such charges are of sufficient seriousness and gravity as to warrant the appointment of a conservator is a matter for determination in the administrative hearing set for tomorrow, August 15, 1956. At such administrative hearing, the officers and directors of the Association will have the opportunity to present their proofs in support of their contention that the charges are false and groundless, and that they have been guilty of no wrongdoing. If at the conclusion of the hearing they are dissatisfied with the result of the hearing, they can then petition this Court for review, and such review shall be upon the weight of the evidence.

In short, the plaintiffs have not yet exhausted their administrative remedies and they come to this Court too soon. Home Loan Bank Board v. Mallonee, 9 Cir., 1952, 196 F.2d 336, 380.

Accordingly, the motion of the defendant, Federal Home Loan Bank Board for dismissal of the action on the grounds that this Court lacks jurisdiction of the subject matter is granted, and the petition of the plaintiffs for declaratory and injunctive relief is denied, and the action is dismissed.